1  RANDY S. GROSSMAN
   Acting United States Attorney
2  MARIO J. PEIA
   Assistant U.S. Attorney
3  California State Bar No. 307503
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-9706

6  Attorneys for Plaintiff
   UNITED STATES OF AMERICA



7

8             UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,              Case No. 21-cr-0601-AJB

11                    Plaintiff,           **PLEA AGREEMENT**

12       v.

13  NICHOLAS DANE
           FRIEBERG JACOBSON (2),
14
                      Defendant.
15

16      IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA,

17  through its counsel, Randy S. Grossman, Acting United States Attorney,

18  and Mario J. Peia, Assistant United States Attorney, and defendant,

19  NICHOLAS DANE FRIEBERG JACOBSON, with the advice and consent of Martin

20  G. Molina, counsel for defendant, as follows:

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  MJPE

                                              Def. Initials

I

**THE PLEA**

A.   THE CHARGE

Defendant agrees to waive indictment plead guilty to the Superseding Information charging defendant with:

> That on or about May 23, 2020, within the Southern District of California, defendant NICHOLAS DANE FRIEBERG JACOBSON, did knowingly and intentionally possess, with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

B.   DISMISSAL OF THE INFORMATION

The Government agrees to (1) move to dismiss the Information without prejudice when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charge unless defendant breaches the plea

2

20CR

21CR 601-AJB

1  agreement or the guilty plea entered pursuant to this plea agreement is

2  set aside for any reason. If defendant breaches this agreement or the

3  guilty plea is set aside, Section XII below shall apply.

4                                    **II**

5                       **NATURE OF THE OFFENSE**

6      A.   ELEMENTS EXPLAINED

7      The offense to which defendant is pleading guilty has the following

8  elements:

9           1.   The defendant knowingly possessed methamphetamine; and

10          2.   The defendant possessed it with the intent to distribute
                 it to another person.

11

12     B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

13     Defendant has fully discussed the facts of this case with defense

14  counsel. Defendant has committed each element of the crime and admits

15  that there is a factual basis for this guilty plea. The following facts

16  are true and undisputed:

17          1.   On May 23, 2020 Defendant was a passenger in a vehicle
                 in San Diego, California, within the Southern District
                 of California, when Defendant was in a single vehicle
18               collision. California Highway Patrol and San Diego Police
                 Department officers responded and found a bag in the
19               driver, John Carroll's, possession. An ensuing search of
                 the bag and the vehicle resulted in the discovery of,
20               among other items, approximately 2,398.4 grams (5.3
                 pounds) of methamphetamine, a Scheduled II controlled
21               substance. Defendants Carroll and Jacobson, in concert
                 with one another, had crossed the methamphetamine from
22               Mexico into the United States earlier that day.

23          2.   In addition to Defendant Carroll, Defendant Jacobson
                 knowingly possessed the 2,398.4 grams of methamphetamine.
24               Defendant    Jacobson    knowingly    possessed    the
                 methamphetamine with the intent to distribute it to
25               another person.

26  //

27  //

28  //

                                    3                    Def. Initials _MJ_
                                                         21 CR 601 AJB

## III

## PENALTIES

The crimes to which defendant is pleading guilty carries the following penalties:

A.   a maximum 20 years in prison;

B.   a maximum $1,000,000 fine;

C.   a mandatory special assessment of $100 per count;

D.   a term of supervised release of at least 3 years and up to life.  Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.   forfeiture of all property, real and personal, constituting or derived from proceeds obtained directly or indirectly from the offense, and all property used or intended to be used to commit or to facilitate the commission of the violation.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.   Not testify or have any adverse inferences drawn from the failure to testify.

G.   In addition, defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

4

Def. Initials

21 CR 601-AJB

**V**

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

**VI**

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

5

Def. Initials

21 CR 601- AJB

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//

//

6

Def. Initials

21 CR 601-AJB

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level ("BOL") [USSG § 2D1.1] | 36* |
| 2. | Importation of Methamphetamine | +2 |
| 2. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 3. | Expeditious Resolution/Appellate Waiver | -1 |

**\* The actual Base Offense Level cannot be determined until the DEA laboratory has performed a chemical analysis of the substances. The parties also agree that, if defendant is determined to be a career**

7                              Def. Initials _____

21 CR 601- AJB

offender pursuant to USSG § 4B1.1(a), the parties shall use the
applicable base offense level from the higher of USSG § 2D1.1 and USSG
§ 4B1.1(b). Furthermore, the defendant will be ineligible for any role
reduction.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an
adjustment for Acceptance of Responsibility if defendant engages in
conduct inconsistent with acceptance of responsibility including, but
not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as
      stated in the plea at the time the plea is entered, or
      falsely denies, or makes a statement inconsistent with,
      the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation
      officer; or

4.    Breaches this plea agreement in any way.

5.    Contests or assists any third party in contesting the
      forfeiture of property(ies) seized in connection with
      this case, and any property(ies) to which the defendant
      has agreed to forfeit as set forth in the attached
      forfeiture addendum.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
      INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments,
departures, or variances from the Sentencing Guidelines under 18 U.S.C.
§ 3553. The Government will oppose any downward adjustments, departures,
or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History
Category, except that, if defendant is determined to be a Career

8                                Def. Initials _____

21 CR 601-AJB

1   Offender, the parties agree that the defendant is automatically a

2   Criminal History Category VI pursuant to USSG § 4B1.1(b).

3        E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

4        The facts in the "factual basis" paragraph of this agreement are

5   true and may be considered as "relevant conduct" under USSG § 1B1.3 and

6   as the nature and circumstances of the offense under 18 U.S.C.

7   § 3553(a)(1).

8        F.   RECOMMENDATION REGARDING CUSTODY

9        The United States will recommend that Defendant be sentenced to 120

10  months' in custody.

11       G.   SPECIAL ASSESSMENT, FINES, FORFEITURE

12            a.   <u>Special Assessment</u>.  The parties will jointly recommend
                  that defendant pay a special assessment in the amount of
13                $100.00 per felony count of conviction to be paid
                  forthwith at time of sentencing.
14

15            b.   <u>Forfeiture</u>.  Defendant agrees and consents to the
                  forfeiture to the United States of all property seized
16                in connection with this case. Defendant consents and
                  agrees to the immediate entry of order(s) of forfeiture
17                as the Government deems necessary. Defendant agrees that
                  upon execution of this plea agreement the Defendant's
18                interest(s) in any and all seized properties is
                  terminated.  Defendant waives all rights to receive
19                notices of any and all forfeitures. Defendant agrees that
                  by signing this plea agreement he/she is immediately
20                withdrawing any claims in pending administrative or civil
                  forfeiture proceedings to properties seized in connection
21                with this case. Defendant agrees to execute all documents
                  requested by the Government to facilitate or complete the
22                forfeiture process(es). Defendant further agrees not to
                  contest, or to assist any other person or entity in
23                contesting, the forfeiture of property seized in
                  connection with this case. Contesting or assisting others
24                in contesting the forfeiture shall constitute a material
                  breach of the plea agreement, relieving the Government
25                of all its obligations under the agreement including but
                  not limited to its agreement to recommend an adjustment
26                for Acceptance of Responsibility.  Defendant further
                  waives the requirements of Federal Rules of Criminal
27                Procedure 32.2 and 43(a) regarding notice of the
                  forfeiture in the charging instrument, announcement of
28                the forfeiture at sentencing, and incorporation of the
                  forfeiture in the judgment. Defendant understands that

                              9              Def. Initials

                         21 CR 601-AJB

the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

## H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution or forfeiture order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged.   The only exception is that

10                          Def. Initials.

21 CR 601- AJB

1  Defendant may collaterally attack the conviction or sentence on the

2  basis that defendant received ineffective assistance of counsel. If

3  defendant appeals, the Government may support on appeal the sentence or

4  restitution order actually imposed.

5                              **XII**

6                **BREACH OF THE PLEA AGREEMENT**

7       Defendant and defendant's attorney know the terms of this agreement

8  and shall raise, before the sentencing hearing is complete, any claim

9  that the Government has not complied with this agreement. Otherwise,

10 such claims shall be deemed waived (that is, deliberately not raised

11 despite awareness that the claim could be raised), cannot later be made

12 to any court, and if later made to a court, shall constitute a breach

13 of this agreement.

14      Defendant breaches this agreement if defendant violates or fails

15 to perform any obligation under this agreement. The following are non-

16 exhaustive examples of acts constituting a breach:

17      A.   Failing to plead guilty pursuant to this agreement;

18      B.   Failing to fully accept responsibility as established in
             Section X, paragraph B, above;
19
        C.   Failing to appear in court;
20
        D.   Attempting to withdraw the plea;
21
        E.   Failing to abide by any court order related to this case;
22
        F.   Appealing (which occurs if a notice of appeal is filed) or
23           collaterally attacking the conviction or sentence in violation
             of Section XI of this plea agreement; or
24
        G.   Engaging in additional criminal conduct from the time of
25           arrest until the time of sentencing.

26      If defendant breaches this plea agreement, defendant will not be

27 able to enforce any provisions, and the Government will be relieved of

28 all its obligations under this plea agreement. For example, the

                              11              Def. Initials. _____

                                              2( CR 601- AJB

1  Government may proceed to sentencing but recommend a different sentence
2  than what it agreed to recommend above. Or the Government may pursue any
3  charges including those that were dismissed, promised to be dismissed,
4  or not filed as a result of this agreement (defendant agrees that any
5  statute of limitations relating to such charges is tolled indefinitely
6  as of the date all parties have signed this agreement; defendant also
7  waives any double jeopardy defense to such charges). In addition, the
8  Government may move to set aside defendant's guilty plea. Defendant may
9  not withdraw the guilty plea based on the Government's pursuit of
10 remedies for defendant's breach.

11     Additionally, if defendant breaches this plea agreement: (i) any
12 statements made by defendant, under oath, at the guilty plea hearing
13 (before either a Magistrate Judge or a District Judge); (ii) the factual
14 basis statement in Section II.B in this agreement; and (iii) any evidence
15 derived from such statements, are admissible against defendant in any
16 prosecution of, or any action against, defendant. This includes the
17 prosecution of the charge(s) that is the subject of this plea agreement
18 or any charge(s) that the prosecution agreed to dismiss or not file as
19 part of this agreement, but later pursues because of a breach by the
20 defendant. Additionally, defendant knowingly, voluntarily, and
21 intelligently waives any argument that the statements and any evidence
22 derived from the statements should be suppressed, cannot be used by the
23 Government, or are inadmissible under the United States Constitution,
24 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
25 the Federal Rules of Criminal Procedure, and any other federal rule.
26 //
27 //
28 //

                              12                    Def. Initials

                                                 21 CR 601-AJB

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

13

Def. Initials

2( CR 601-AJB

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

June 23, 2021

_Mario Peia_

_____                    _____

DATED                                        MARIO J. PEIA
                                             Assistant U.S. Attorney

6/22/21
_____                    _____

DATED                                        MARTIN G. MOLINA
                                             Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

6/22/21
_____                    _____

DATED                                        NICHOLAS DANE FRIEBERG JACOBSON
                                             Defendant

14

Def. Initials

21 CR 601-AJB